OPINION AND ORDER

INTRODUCTION

This matter comes before the Court on a timely filed civil appeal of a July 3, 2008 Order of the Tribal Court Denying a Motion for Partial Summary Judgment and Motion to Vacate a Stipulated Permanent Injunction. In the Order, Judge Lonnie Headdress, Sr., Fort Peck Tribal Court, ruled the Motion to Vacate the Permanent Injunction to be time-barred and barred as a matter of law. Accordingly, the Court found no reason to address the other issues raised in the Motion for Partial Summary Judgment. The Court noted, however, that there were factual disputes and a Stipulated Injunction Agreement. Ref. Order July 3, 2008—file.

FACTUAL BACKGROUND

The factual basis leading up to this appeal is lengthy and convoluted. However, in summary fashion, the parties agree generally that the case arose from the dissolution of the parties’ relationship in 2006. Subsequently, there was a Temporary Restraining Order (TRO) issued against Appellant in February of 2006, and later amended.
A hearing was set on the TRO, but was continued and never held. In June of 2006, the parties, through counsel, stipulated to not appear for a scheduled hearing, and agreed that the amended TRO granted on March 3, 2006 be made permanent. Ref. Stipulation, Court file. This stipulation is discussed and argued at length in the appeal briefs.
Fort Peck Tribal Court criminal charges against Appellant, based partially on allegations leading to the issuance of the TRO, were dismissed with prejudice on March 20, 2007.
*248 Appellant Fourstar filed a Motion for Partial Summary Judgment and to Vacate the Stipulated Permanent Injunction, On July 3, 2008, Judge Headdress denied the Motion for Partial Summary Judgment and the Motion to Vacate the Stipulated Permanent Injunction, and this appeal followed.

ISSUES BEFORE THE COURT

The six issues before the Court may be restated and summarized as follows:

ISSUES OF LAW

1. Whether Motion to Vacate was properly denied as being time-barred.
2. Whether the Motion for Partial Summary Judgment was properly denied.
The sub-issues are basically factual-related and involve equitable and constitutional issues beyond the scope of this review.
We limit our Opinion and Order herein to the issues of law, which are dispositive of the appeal.
The Court of Appeals reviews de novo all determinations of the Tribal Court on matters of law, but shall not set aside factual determinations of the Tribal Court if such determinations are supported by substantial evidence. II CCOJ 202. Here, we look to federal law for the time-bar issue raised on appeal, since there are no specific Tribal Code provisions. VIII CCOJ 501.
Appellant sought to vacate a permanent injunction based on an argued fraud upon the Court. The fraud allegedly involved the original Affidavit submitted by Appellee to obtain the initial TRO. However, we find no factual basis for Appellant’s theory of fraud upon the Court. The parties, through counsel, stipulated to making the TRO permanent. The Motion to Vacate was brought well over a year later. (TRO June 16, 2006 / Motion to Vacate October 29, 2007). Fed.R.Civ.P. 60(b)(3) provides a one-year limitation for bringing such motion, and it cannot now be avoided because of Appellant’s allegations of fraud upon the Court. The entry of the Stipulation to make the TRO permanent and time lapse to the Motion filing is dis-positive of the matter involving the TRO. Here, the Court found that the parties knowingly entered into the agreement to make the TRO permanent. (Ref.Order, July 3, 2008). This stipulation avoided a civil trial or hearing on the matters pertaining to the TRO, and therefore, Appellant is bound by the terms of the TRO and TRO as amended. There is nothing in the record to tie the Stipulation to the dismissal of the criminal action.
The matter of the Motion for Partial Summary Judgment must fail here also, since that Motion is also tied primarily to the allegation of fraud. We will not set aside the Tribal Court’s findings as to the issue of fraud upon the Court, as the record supports the findings that there was no fraud upon the Court.
It is the Opinion of this Court that the Court Order should be affirmed.
THEREFORE, IT IS HEREBY ORDERED THAT:
The July 3, 2008 Order of the Court be, and the same is hereby affirmed.